**COFFEY KAYE MYERS & OLLEY**
**BY:   ROBERT E. MYERS, ESQUIRE**
**IDENTIFICATION NO. 23762**
**718, Two Bala Plaza**
**Bala Cynwyd, PA 19004**
**(610) 668-9800**                                              **Attorney for: Plaintiff**

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DANIELLE M. TRAMONTANO and DANIEL GILMARTIN and ANTHONY PASCALE  Plaintiffs | : : : : : | CIVIL ACTION |
| vs. | : : | |
| NEW JERSEY TRANSIT RAIL OPERATIONS, INC. | : : : | **JURY TRIAL DEMANDED** |
| Defendant | : | NO. |

## COMPLAINT

1. The plaintiff herein is Danielle M. Tramantano, a citizen and resident of the State of New Jersey, residing therein at 1813 Red Oak Lane, Old Bridge, NJ 08857.

2. Additional plaintiff is Daniel Gilmartin, a citizen and resident of the State of New Jersey, residing therein at 7 Hulfish Street, Apt. B., Princeton, NJ 08542.

1

3. Additional plaintiff is Anthony P. Pascale, a citizen and resident of the State of New Jersey, residing therein at 98 Ronald Road, Lakewood, NJ 08701.

4. This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, §51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act".

5. The defendant is a corporation duly organized and existing under and by virtue of the laws of the state of New Jersey and does business in the District of New Jersey.

6. At the time and place hereinafter mentioned and for a long time prior thereto, the defendant, as a common carrier, operated trains carrying passengers, freight, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

7. On or before, and at the time and place, hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiffs, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

8. At the time and place hereinafter mentioned, the plaintiffs and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

9. All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the defendant, its agents,

servants, workmen and/or employees.

10. On or about July 21, 2013, the plaintiffs were employed by New Jersey Transit Rail Operations, Inc., and were working on NJT Train #7273.

11. The aforementioned train was travelling from New York City to Long Branch and was carrying many people who had attended the Columbian Festival Day activities.

12. Prior to arriving at NJT's Elizabeth Station, another NJT employee had alerted NJT that there was a large, loud, unruly, and dangerous crowd at the Elizabeth Station.

13. NJT had both actual and constructive notice that a train carrying passengers from the Columbian Festival Day activities was likely to contain passengers under the influence of alcohol and/or other substances, and would be engaging in boisterous, unruly, offensive, and violent conduct, because of problems that had regularly occurred while transporting the passengers from prior festivals, concerts, sporting events, etc.

14. NJT was informed that many in this crowd were under the influence of alcohol or other substances and were engaging in a boisterous, unruly, and sometimes violent conduct.

15. Even though NJT had a police department, on the aforementioned date there was no visible police presence at the Elizabeth Station.

16. On the aforementioned date, after NJT had been warned of the problems at the Elizabeth Station, plaintiffs' train arrived at the Elizabeth Station and approximately 80 of the people on the platform boarded the train where they were boisterous, unruly, and out

of control.

17. The aforementioned passengers boarded the first car from which the engineer was operating the train (i.e. the cab car) and where the conductor was located.

18. At all times material hereto, there was no police and/or other security present on plaintiffs' train.

19. While the train was in route from the Elizabeth Station to the Woodbridge Station, the behavior of the crowd became worse.

20. The passengers on board became more unruly, more boisterous, and the intensity of their behavior became more threatening.

21. At or near the Woodbridge Station, the plaintiffs contacted NJT to advise them of the continuing and increasingly dangerous situation and to request police and/or other security protection.

22. Despite their request for assistance, no police or security arrived on the train at Woodbridge, and the train was required to proceed to the next station.

23. Shortly after departing the Woodbridge Station, the passengers became even more unruly and violent with each other.

24. As this was occurring, a female passenger and her two young children were in the middle of this dangerous situation and Ms. Tramantano and Mr. Gilmartin attempted to extract the passenger and her children and place them in a safe area of the train.

25. While doing so, Ms. Tramantano and Mr. Gilmartin were physically assaulted by members of the unruly crowd.

26. Thereafter, Mr. Pascale attempted to assist his co-workers and he too was

physically assaulted.

27. Despite additional communications with NJT requesting emergency police and/or security or personnel, none arrived until several minutes after the train arrived at the Perth Amboy Station.

28. The physical assaults sustained by the plaintiffs during the course of their employment duties was caused by the negligence and carelessness of the defendant, its agents, servants, workmen and/or employees and was not caused by any conduct on the part of the plaintiffs.

29. The negligence of the defendant consisted of, but is not limited to: requiring the plaintiffs and their train to board boisterous, unruly, intoxicated, and likely dangerous passengers; failing to provide police and/or other security personnel on the train platforms; failing to provide police and/or other security personnel on board the train; failing to provide the plaintiffs with tools and equipment that could be used for self-defense; failing to respond to multiple calls concerning the dangers posed by the passengers; failure to add additional trainmen on the train; failure to provide sufficient personnel; failure to take necessary and appropriate measures for the safety of the train crew in light of foreseeable and existing conditions; and failure to warn the plaintiffs of these dangerous conditions.

30. All of the averments set forth in the foregoing paragraphs are incorporated in the following Counts as though set forth therein at length.

### COUNT I – DANIELLE TRAMANTANO VS. NJT

31. As a result of the accident herein referred to, plaintiff has suffered a loss and

impairment of earnings and earning power and will suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of her aforesaid injuries; has been unable to attend to her usual duties and occupation and will be unable to attend to the same for an indefinite time in the future, all to her great detriment and loss.

32. The accident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

33. The aforesaid accident was caused by the negligence of the defendant, its agents, servants, workmen and/or employees, and by the defendant's violation of "The Federal Employers' Liability Act."

34. As a result of the aforesaid accident, plaintiff sustained injuries to her body, including but at this time not limited to, its bones, cells, tissues, nerves, muscles and functions. Plaintiff sustained injuries to her left wrist, left shoulder, neck, left arm and lower back. Plaintiff suffered upper trunk brachial plexopahy with left double crush carpal tunnel syndrome with denervation, tear of the distal supraspinatus and tear of the anterior superior labrum. Plaintiff's injuries resulted in two surgeries. Some or all of the above injuries are or may be permanent in nature. The full extent of plaintiff's injuries is not presently known.

## COUNT II – DANIEL GILMARTIN VS. NJT

35. As a result of the accident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of his aforesaid injuries; has been unable to attend to his usual duties and occupation and will be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

36. The accident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

37. The aforesaid accident was caused by the negligence of the defendant, its agents, servants, workmen and/or employees, and by the defendant's violation of "The Federal Employers' Liability Act."

38. As a result of the aforesaid accident, plaintiff sustained injuries to his body, including but at this time not limited to, its bones, cells, tissues, nerves, muscles and functions. Plaintiff sustained injuries to his head, face, right ear, jaw, neck, cervical spine and back. Plaintiff suffered an exacerbation of his trigeminal neuralgia, hearing loss in his right ear, facial nerve pain, Temporomandibular Joint Dysfunction (TMJ), anxiety disorder, insomnia and posttraumatic stress disorder. Some or all of the above injuries are or may be permanent in nature. The full extent of plaintiff's injuries is not presently known.

## COUNT III – ANTHONY PASCALE VS. NJT

39. As a result of the accident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of his aforesaid injuries; has been unable to attend to his usual duties and occupation and will be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

40. The accident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

41. The aforesaid accident was caused by the negligence of the defendant, its agents, servants, workmen and/or employees, and by the defendant's violation of "The Federal Employers' Liability Act."

42. As a result of the aforesaid accident, plaintiff sustained injuries to his body, including but at this time not limited to, its bones, cells, tissues, nerves, muscles and functions. Plaintiff sustained injuries to his head, neck, and lip. Plaintiff suffered cervical sprain and strain, neck pain and headaches. Some or all of the above injuries are or may be permanent in nature. The full extent of plaintiff's injuries is not presently known.

WHEREFORE, each plaintiff demands judgment against the defendant for a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

                COFFEY KAYE MYERS & OLLEY

BY: _____
        ROBERT E. MYERS
        Counsel for Plaintiff