RUPRECHT HART RICCIARDULLI & SHERMAN, LLP
COUNSELLORS AT LAW
871 Mountain Avenue, Third Floor
Springfield, New Jersey 07081
Telephone (908) 232-4800
Fax (908) 232-4801

LOUIS A. RUPRECHT
THOMAS C. HART*
MICHAEL R. RICCIARDULLI*
RENEE J. SHERMAN*
JUDITH A. WAHRENBERGER
BRION D. McGLINN
JOHN W. GREGOREK
KRISTIN J. FREELY
MICHAEL J. DI LEO

JESSICA J. MAHONY
PATRICIA E. VOORHIS
FRANCIS D. ENGRACIA
RICHARD M. FORZANI
LOUIS A. DI LEO
ANDREW C. SMEDBERG
STEVEN F. OLIVO
KEVIN GLENN BORIS
DANIEL M. ZASLAVSKY

**Certified by the Supreme Court of New Jersey as a Civil Trial Attorney*
OF COUNSEL:
JESSICA M. ANDERSON
DAVID PARKER WEEKS

July 15, 2026

**<u>Via ECF-Filing</u>**
Hon. Michael A. Hammer, U.S.M.J.
U.S. District Court for the District of N.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Courtroom MLK 2C
Newark, NJ 07101

**Re: <u>Danielle M. Tramontano, et al. v. New Jersey Transit Rail Operations, Inc.</u>**
**Civil Action No.: 2:14-cv-05706-ES-MAH**
**Our File No.: 3240**

Dear Judge Hammer:

As Your Honor is aware, our office represents Defendant New Jersey Transit Rail Operations, Inc. ("NJTRO") in the above-captioned matter. Defendant NJTRO respectfully requests leave to conduct limited supplemental damages discovery necessitated by Plaintiffs' continuing medical treatment and the substantial expansion of their claimed damages since discovery was originally conducted and concluded.

This request is not intended to reopen liability discovery or revisit issues that have long since been completed. Rather, Defendant seeks a narrowly tailored opportunity to evaluate and respond to the extensive post-discovery medical treatment that Plaintiffs intend to present to the jury at trial.

As reflected by Plaintiffs' recently amended exhibit list, both Plaintiffs continue to undergo significant medical treatment. Plaintiff Daniel Gilmartin intends to introduce extensive behavioral health records, including numerous ketamine infusion treatments occurring throughout 2025 and 2026. Plaintiff Danielle Tramontano likewise intends to rely upon recent neurological treatment, including EMG studies performed this year, together with continuing pain management treatment, injections, and neurological care extending well beyond the dates of Defendant's expert evaluations and reports.

The difficulty presented is that Defendant's independent medical examinations and expert reports no longer reflect the medical condition Plaintiffs intend to present at trial.

For example:

- Plaintiff Tramontano has not been deposed since October 25, 2016;
- Plaintiff Gilmartin has not been deposed since October 25, 2016;
- Defendant's orthopedic expert, Dr. Wendell Scott, has not issued a report since September 13, 2022;
- Defendant's neurology expert regarding Ms. Tramontano, Dr. Seth Ryan Stoller, issued his report on December 5, 2024, before substantial additional neurological treatment reflected in Plaintiffs' amended exhibit list.
- Defendant's neurology expert regarding Mr. Gilmartin, Dr. Eric Fremed, last evaluated Plaintiff in December 2016 and last issued opinions in September 2020.
- Defendant's psychiatric expert, Dr. William Head, last examined Mr. Gilmartin in October 2017 and last supplemented his opinions in September 2022, well before the substantial psychiatric treatment reflected in Plaintiffs' recent productions.

Meanwhile, Plaintiffs intend to present years of additional treatment, diagnostic testing, procedures, and ongoing disability evidence to the jury. Those developments include, among other things, continuing neurological treatment, pain management, psychiatric care, behavioral health treatment, ketamine infusion therapy, EMG studies, and numerous additional physician visits occurring years after Defendant's experts last evaluated Plaintiffs.

The issue before the Court is one of fundamental trial fairness. Plaintiffs intend to rely upon years of additional medical evidence that Defendant's examining experts have never had the opportunity to evaluate. Without updated discovery, Defendant would be required to defend against a materially expanded damages presentation using expert opinions based upon medical records and examinations that are now several years—and in some instances nearly a decade—old.

Nor can this issue be remedied simply through cross-examination of Plaintiffs' treating physicians. Treating physicians will naturally testify concerning the treatment they rendered. Defendant is likewise entitled to present current independent medical opinions addressing Plaintiffs' present condition, causation, permanency, functional limitations, and future prognosis based upon the medical evidence Plaintiffs themselves intend to present at trial.

Accordingly, Defendant respectfully requests leave to conduct the following limited supplemental damages discovery:

1. Supplemental depositions of Plaintiffs Danielle Tramontano and Daniel Gilmartin, limited to medical treatment, physical and psychological condition, claimed limitations, employment efforts, and damages occurring since their October 25, 2016 depositions;
2. Updated independent medical examinations of Ms. Tramontano and Mr. Gilmartin by Defendant's retained medical experts in their respective specialties;
3. Service of supplemental defense expert reports addressing only the post-discovery treatment and medical records; and

4. To the extent necessary, supplemental expert depositions limited to any newly rendered opinions.

Defendant does not seek to revisit liability discovery or otherwise expand the scope of this litigation beyond these limited damages-related issues. Rather, Defendant seeks only a reasonable opportunity to evaluate the substantial medical evidence that Plaintiffs have elected to present at trial so that the jury may hear current opinions from both sides concerning Plaintiffs' present medical condition.

Accordingly, Defendant respectfully requests that the Court permit limited supplemental damages discovery consisting of: (1) supplemental depositions of Plaintiffs Danielle Tramontano and Daniel Gilmartin, limited to medical treatment, physical and psychological condition, claimed limitations, employment efforts, and damages occurring since their October 25, 2016 depositions; (2) updated independent medical examinations by Defendant's retained experts in their respective specialties; (3) supplemental defense expert reports addressing only Plaintiffs' post-discovery medical treatment and records; and (4) to the extent necessary, supplemental expert depositions limited to any newly rendered opinions.

Defendant recognizes that another potential remedy would be to preclude Plaintiffs from introducing evidence concerning the substantial medical treatment and damages evidence developed after the close of discovery, particularly where such evidence has continued to accumulate for years thereafter. Defendant is not presently seeking that relief because it believes the more fair and equitable course is to permit the jury to consider Plaintiffs' current medical condition, while affording Defendant a corresponding opportunity to evaluate that same evidence through updated discovery and expert review. Simply stated, if Plaintiffs intend to present a materially expanded damages case at trial, fundamental fairness requires that Defendant be permitted to respond with current examinations and opinions rather than expert testimony based upon years-old medical records and examinations.

Defendant therefore respectfully requests that this application be addressed at the Final Pretrial Conference presently scheduled for July 27, 2026, or that the Court otherwise grant such relief as it deems just and appropriate.

Respectfully Submitted,

/s/ Thomas C. Hart, Esq.

Thomas C. Hart, Esq.
Counsel for Defendant